**Slip Op. 01-18**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

|  |  |
|---|---|
| RHP BEARINGS LTD., NSK BEARINGS EUROPE LTD. and NSK CORPORATION; THE BARDEN CORPORATION (U.K.) LTD., THE BARDEN CORPORATION, FAG BEARINGS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> THE TORRINGTON COMPANY, <br><br> Defendant-Intervenor. | Consol. Court No. 97-11-01983 |

[Commerce's <u>Remand Results</u> are affirmed in part, remanded in part.]

<u>Lipstein, Jaffe & Lawson, L.L.P.</u> (<u>Robert A. Lipstein</u>, <u>Matthew P. Jaffe</u> and <u>Grace W. Lawson</u>) for RHP Bearings Ltd., NSK Bearings Europe Ltd. and NSK Corporation ("RHP-NSK").

<u>Grunfeld, Desiderio, Lebowitz & Silverman LLP</u> (<u>Max F. Schutzman</u>, <u>Andrew B. Schroth</u> and <u>Mark E. Pardo</u>) for The Barden Corporation (U.K.) Ltd., The Barden Corporation and FAG Bearings Corporation ("Barden-FAG").

<u>Stuart E. Schiffer</u>, Deputy Assistant Attorney General; <u>David M. Cohen</u>, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (<u>Velta A. Melnbrencis</u>, Assistant Director); of counsel: <u>Mark A. Barnett</u>, <u>Stacy J. Ettinger</u>, <u>Patrick V. Gallagher</u>, <u>Myles S. Getlan</u> and <u>David R. Mason</u>, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for defendant.

<u>Stewart and Stewart</u> (<u>Terence P. Stewart</u>, <u>Wesley K. Caine</u>, <u>Geert De Prest</u> and <u>Lane S. Hurewitz</u>) for The Torrington Company ("Torrington").

Dated: February 23, 2001

**ORDER**

## I. Standard of Review

The Court will uphold Commerce's redetermination pursuant to the Court's remand unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i) (1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966).

## II. Background

On August 3, 2000, this Court issued an opinion and order directing the United States Department of Commerce, International Trade Administration ("Commerce"), to: (1) annul all findings and conclusions made pursuant to the duty-absorption inquiry conducted for the subject review; (2) match Barden-FAG's United States sales to similar home market sales before resorting to constructed value ("CV"); and (3) recalculate Barden-FAG's dumping margin without

regard to the results of the below-cost test.  See RHP Bearings Ltd. v. United States, 24 CIT ___, ___, 110 F. Supp. 2d 1043, 1055 (2000).  The administrative determination underlying the Court's decision in RHP Bearings is entitled Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews ("Final Results"), 62 Fed. Reg. 54,043 (Oct. 17, 1997), as amended, Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden and the United Kingdom; Amended Final Results of Antidumping Duty Administrative Reviews, 62 Fed. Reg. 61,963 (Nov. 20, 1997).

On October 20, 2000, Commerce submitted its Final Results of Redetermination Pursuant to Court Remand ("Remand Results"). In order to comply with the Court's decision in RHP Bearings, Commerce: (1)annulled all findings and conclusions made pursuant to its duty-absorption inquiry with respect to Barden-FAG and RHP-NSK; (2) matched United States sales to Barden-FAG's home-market sales of "similar" merchandise before resorting to constructed value; and (3) recalculated Barden-FAG's dumping margin without regard to the results of the cost-of-production analysis.

Torrington was the only party to submit comments on the draft

results issued by Commerce on September 14, 2000. Both Barden-FAG and Torrington submitted comments to this Court regarding the Remand Results. RHP-NSK did not submit any comments.

## III. Contentions of the Parties

With respect to the duty-absorption issue, Torrington continues to maintain that Commerce has inherent authority to conduct the absorption inquiries in any review. Torrington also maintains that Commerce's initial determination to conduct a below-cost test for Barden-FAG's sales and to disregard certain home market sales is supported by substantial evidence on the record and in accordance with law. Finally, Torrington believes that the Court exceeded its authority in directing Commerce to recalculate Barden-FAG's dumping margin without regard to the results of the below-cost test. Torrington does not contest the Court's decision to instruct Commerce to match Barden-FAG's United States sales to similar home market sales before resorting to CV.

Barden-FAG limits its comments to Commerce's calculation of Barden-FAG's antidumping margin without regard to the results of the below-cost test. Barden-FAG maintains that 19 U.S.C. § 1677b(b) (1994) provides two methods by which Commerce can conduct a below-cost test and, contrary to Torrington's arguments, no reasonable grounds exist for Commerce to perform the test under

either method.  Barden-FAG does not contest the Court's decision to instruct Commerce to match Barden-FAG's United States sales to similar home market sales before resorting to CV.

In its discussion of the parties' comments to the Remand Results, Commerce indicates that it has complied with the Court's remand instructions; however, Commerce incorporates by reference the arguments contained in its Motion for Rehearing and Modification of the Court's Decision, Slip Op. 00-28, and Accompanying Order of March 22, 2000 ("Motion"), dated April 14, 2000.  In its Motion, Commerce contended that the Court misread the statute in precluding Commerce from conducting duty-absorption inquiries for transition orders. Commerce also argued that in issuing the remand order, the Court erred in directing Commere to annul all findings and conclusions made pursuant to its duty-absorption inquiry and that the Court should have instead directed Commerce to take further action consistent with the correct legal standard.   Commerce does not contest the Court's decision to instruct Commerce to match Barden-FAG's United States sales to similar home market sales before resorting to CV.

## IV.  Analysis

### A.   Duty Absorption

This Court has repeatedly held that Commerce lacks statutory

authority under 19 U.S.C. § 1675(a)(4)(1994) to conduct duty-absorption inquiries for antidumping duty orders issued prior to the January 1, 1995 effective date of the Uruguay Round Agreements Act, Pub. L. No. 103-465, 108 Stat. 4809 (1994). See SNR Roulements v. United States, 24 CIT ___, ___, 118 F. Supp. 2d 1333, 1337 (2000); SKF USA Inc. v. United States, 24 CIT ___, ___, 116 F. Supp. 2d 1257, 1260 (2000); SKF USA Inc. v. United States, Slip Op. 00-106, 2000 WL 1225803, *3 (Aug. 23, 2000); RHP Bearings Ltd. v. United States, 24 CIT ___, ___, 110 F. Supp. 2d 1043, 1052-53 (2000); FAG Italia S.p.A. v. United States, Slip Op. 00-82, 2000 WL 978462, *5 (July 13, 2000); SKF USA Inc. v. United States, Slip Op. 00-81, 2000 WL 977373, *3 (July 12, 2000); NTN Bearing Corp. of America v. United States, 24 CIT ___, ___, 104 F. Supp. 2d 110, 117 (2000); SKF USA Inc. v. United States, Slip Op. 00-58, 2000 WL 726944, *3 (June 1, 2000); SKF USA Inc. v. United States, 24 CIT ___, ___, 94 F. Supp. 2d 1351, 1357-59 (2000). Torrington presents no arguments compelling the Court to reconsider the issue and hold otherwise.

Similarly, the Court finds Torrington's arguments regarding the authority of the Court to fashion a remand order unpersuasive. Torrington believes that the Court exceeded its power on judicial review in directing Commerce to annul its findings instead of permitting Commerce to reach a determination consistent with the

Court's order.

Torrington is incorrect.  The Court found that Commerce was without authority under the antidumping statute to conduct a duty-absorption inquiry for the subject review; the only action that Commerce could take in order to remain within the bounds of the Court's interpretation of the law would be to annul the findings and conclusions made pursuant to Commerce's erroneous interpretation of the law.  Thus, the result here would necessarily be the same whether the Court ordered Commerce to annul its findings or, more generally, ordered Commerce to produce a determination consistent with the opinion.  Since the Court has already declared Commerce's interpretation of the law is improper, and there is no additional fact-finding to be done nor any discretionary action to be taken by Commerce, granting Torrington's request to remand the case and instruct Commerce to take action consistent with the Court's opinion would be "an idle and useless formality."  NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766-67 n.6 (1969);  cf. United States v. Roses Inc., 706 F.2d 1563, 1568-70 (Fed. Cir. 1983) (court acted improperly in ordering agency to conduct an investigation when the decision of whether to conduct such investigation depends on the application of agency expertise); Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 679 (1st Cir. 1998) (case remanded for agency's reconsideration upon

court's finding that agency applied incorrect legal standard and, therefore, reached questionable factual determination).

In essence, Torrington is asking the Court to permit Commerce another opportunity to present its arguments regarding the lawfulness of its duty-absorption inquiry.  As the Court has already stated, such an inquiry has been repeatedly found to be unlawful.

Accordingly, Commerce's action in annulling all findings and conclusions made pursuant to its duty-absorption inquiry is affirmed.

**B.   Commerce's Decision to Recalculate Barden-FAG's Dumping Margin Without Regard to the Results of the Cost-of-Production Analysis**

Upon reviewing Commerce's Final Results, this Court determined that Commerce failed to articulate its rationale for conducting the below-cost test.  See RHP Bearings, 24 CIT at ___, 110 F. Supp. 2d at 1054.  Specifically, the Court determined that Commerce did not point to the "reasonable grounds," if any, it had to suspect that Barden-FAG was making below-cost sales in the instant review, and the Court refused to guess why Commerce decided to conduct the below-cost test.  The Court pointed out that subsections (i) and (ii) of 19 U.S.C. § 1677b(b)(2)(A) define what constitutes sufficient evidence with which to form reasonable suspicion, and

there was no evidence in the <u>Final Results</u> that Commerce relied on the type of information required to form the "reasonable grounds to believe or suspect" that below-cost sales existed before initiating the investigation. Finding Commerce's determination to be unsupported by substantial evidence on the record, the Court remanded the issue to Commerce and instructed it to recalculate Barden-FAG's dumping margin without regard to the results of the below-cost test.

Torrington complains that Commerce's initial determination was supported by substantial evidence on the record and in accordance with law; however, Torrington does not present evidence supporting this claim.

The Court remands for a different reason. Upon finding that Commerce did not articulate its rationale in conducting the below-cost test, the Court should have instructed Commerce to clarify its decision.[1] See <u>Roses</u>, 706 F.2d at 1568-70; <u>Baystate Alternative</u>

---

[1] There is a fundamental difference between the Court's decision to remand this issue and its decision not to remand the duty-absorption issue. With respect to the duty-absorption issue, the Court concluded that Commerce had misinterpreted the statute and acted without authority in conducting the duty-absorption inquiry. There was no further factual inquiry to be done by the agency, and the only result that could follow from the Court's decision was that which the Court ordered: Commerce was compelled to annul its finding and conclusions. Here, by contrast, the issue is not necessarily resolved with the Court's finding that Commerce failed to articulate its rationale in conducting the below-cost test.

Staffing, 163 F.3d at 679. Accordingly, the Court remands this issue to Commerce and orders it to clarify the reasons behind its decision to conduct the below-cost test and to take any further action that it deems appropriate.

### V.    Conclusion

The Court affirms Commerce's decision to: (1) annul all findings and conclusions made pursuant to its duty-absorption inquiry with respect to Barden-FAG and RHP-NSK; and (2) match United States sales to Barden-FAG's home-market sales of "similar" merchandise before resorting to constructed value. With respect to Commerce's decision to recalculate Barden-FAG's dumping margin without regard to the results of the cost-of-production analysis, the Court remands to Commerce and orders it to clarify the reasons behind its decision to conduct the below-cost test and to take any further action that it deems appropriate. Accordingly, it is hereby

**ORDERED** that Commerce is to clarify the reasons behind its decision to conduct the below-cost test and to take any further action that it deems appropriate;  and it is further

**ORDERED** that the remand results are due within ninety (90) days of the date that this opinion is entered.  Any responses or comments are due within thirty (30) days thereafter.  Any rebuttal

comments are due within fifteen (15) days after the date the responses or comments are due.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE


Dated:     February 23, 2001
           New York, New York